## JONES v CARMICHAEL CONSTRUCTION CO

Ohio Appeals, 9th Dist, Summit Co

No 2798. Decided May 18, 1937

Gottwald & Breiding, Akron, and Frederic O. Hatch, Akron, for appellee.

Slabaugh, Seiberling, Huber & Guinther, Akron, for appellant.

ROSS, PJ, HAMILTON and MATTHEWS, JJ, (1st Dist) sitting by designation.

## OPINION

By HAMILTON, J.

Appellee Hilda Jones brought an action in the C. urt of Common Pleas of Summit County for personal injuries suffered in a fall on a sidewalk in the City of Akron, in front of the premises of St. Vincent's High School, on West Market Street. She charged in her petition that the defendant,. The Carmichael Construction Company, appellant here, was engaged in repairing the steps leading into the High School building. The steps were concrete and she charges that in the progress of the repairs the defendant, through its agents and employees carelessly and negligently placed and permitted to remain on the sidewalk gravel, sand and broken pieces of concrete which caused plaintiff to fall, and permitted such sidewalk to be in such condition as to endanger the safety of pedestrians using the same; that defendant neglected to warn plaintiff of the existence on said sidewalk of said gravel, sand and broken pieces of concrete, when it knew or in the exercise of reasonable care should have known of the dangerous condition of said sidewalk, and further charged the maintenance of a nuisance which caused the plaintiff's injuries.

The defense, after admitting that it was engaged in a general contracting business, and admitting that it was repairing the steps to the high school, denied the other allegations of the petition.

At the trial of the case, at the close of the plaintiff's evidence, the defendant company moved for an instructed verdict, which motion was overruled.

The case was submitted to the jury which returned a verdict in favor of the plaintiff for $500.00. The plaintiff thereupon moved for a new trial, on the ground that the verdict was inadequate and against the weight of the evidence on the question of the amount of the damage.

The defendant company moved for judgment non obstante veredicto. The trial court overruled defendant's motion for judgment non obstante veredicto, and sustained the plaintiff's motion, for a new trial on the question of the inadequacy of the verdict.

Defendant company appeals to this court, making the points that the court erred in granting plaintiff's motion for a new trial and the overruling of the motion for an instructed verdict and the overruling of the motion for judgment non obstante veredicto.

We will first consider the claimed error on the part of the court in overruling the motion for judgment non obstante veredicto. Our conclusion on this point will dispose of the case.

The accident happened between 12:00 noon and 1:00 P. M. The plaintiff was going down to the city walking on the sidewalk in front of St. Vincent's High School. We quote from the record the following testimony given by plaintiff:

"Q. And as you walked along there tell the jury as briefly as you can what happened to you?

A. Well I was walking down town and I got about a step or two on the east side of the steps when I stepped on a pebble about the size of a pea, and it rolled under my foot. I tried to catch myself, but I couldn't, and it threw me forward.
* * *

Q. Now as you were coming down West Market Street going toward the east, half way between St. Vincent's Church and Father Scullen's house, you were able to see the men working on the steps and see the cement out on the sidewalk?

A. Yes, sir.

Q. Did you see any gravel out on the sidewalk?

A. There was gravel on the walk.

Q. You saw that before you got to the steps?

A. Yes, sir.

Q. How much gravel do you say was there? Was there a pile of it?

A. No it wasn't a pile. It was scattered.

Q. There was gravel scattered out on the sidewalk?

A. Yes.

Q. You observed that before you got down to the steps, did you?

A. Yes.

Q. You observed it before you fell?

A. Yes.

Q. When you were half way between St. Vincent's Church and Father Scullen's house and saw this gravel as you say scattered out over the sidewalk, and the pieces of cement scattered out over the sidewalk, what did you do?

A. I started to walk slow and be careful, so I wouldn't fall.

Q. Then what did you do?
A. Well I stepped on a piece of gravel and fell.
Q. Were you looking down upon the sidewalk?
A. I wasn't just walking along looking right down, but I had been watching the sidewalk.
Q. You say you stepped upon a piece of gravel. Did you pick up the piece upon which your foot went down?
A. No, I didn't.
Q. Why do you say it was a piece of gravel?
A. I could feel it through my shoe.

* * *

Q. Your foot didn't go upon a piece of cement, did it, as nearly as you understand it?
A. Not that I know of.
Q. Did you observe any sand or gravel in piles anywhere around?
A. No, sir.
Q. Did you observe whether sand or gravel was being used on the job at all?
A. No, sir.
Q. And of course you don't know whether any sand or gravel was being used on the job, do you?
A. No.
Q. You don't know where this gravel came from, do you?
A. Well—
Q. You didn't see any gravel brought to that place, did you?
A. No.

* * *

Q. But you are quite sure that the thing upon which you stepped was a piece of gravel?
A. Yes, sir.
Q. And you are unable to tell anything as to who had the gravel or from where it came. You can't tell anything about that?
A. No, sir.
Q. The thing that you saw the Carmichael men, as you say, doing, was chipping out of some cement steps, is that it?

* * *

A. I said they were on the steps, and I didn't know what they were doing."

There was direct evidence undisputed that the Construction Company was not using any gravel or sand.

We have stated this much of the evidence to show how clearly the case comes within the facts in **Realty Co. v Underwood 118 Oh St 576.** In the Underwood case the court states in the opinion facts, which show how similar the facts in the instant case are to those in the Underwood case.

In the Underwood case the court states:

"The plaintiff testified to the character of the place where she slipped and fell."

That is true in the instant case.

In the Underwood case, plaintiff saw the stones on the sidewalk. In the case under consideration, the plaintiff saw the materials on the sidewalk, although she did not see the particular pebble, on which she claims to have stepped. In the Underwood case the plaintiff had actual notice of the situaion. So, in the case at bar. In the Underwood case the plaintiff attempted to relieve herself from lack of care by testifying that she had a basket of provisions in her arm and a hand bag on the other arm. In the case under consideration, no excuse is offered except that she stepped on the pebble. With the obvious situation of which she testifies she knew, she went on the sidewalk, and thereby assumed the risk of which she now complains in this action.

The case cannot be distinguished from the Underwood case except in the Underwood case the court observed that plaintiff had another safe way to go, but the decision is grounded upon a lack of care for her own safety and assumption of risk with knowledge.

The motion for judgment non obstante veredicto under the statute presents the whole case to this court upon the pleadings and the evidence. Upon consideration thereof and upon the authority of the case of Realty Co. v Underwood, the judgment of the Court of Common Pleas of Summit County is reversed, and final judgment will be entered in this court in favor of the appellant.

ROSS, PJ, and MATTHEWS, J, concur.